# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS MOURATIDIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2985 |
| : | |
| TERRY M. STRADTON, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**RUFE, J.**                                                                                                                         JULY 17, 2019

Plaintiff Louis Mouratidis, who receives benefits through the Social Security Administration ("SSA"), filed this civil action claiming that his civil rights were violated in connection with the handling of proceedings related to alleged overpayment of those benefits. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Mouratidis leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## I.     FACTS

Mouratidis named as Defendants two "John Dou" hearing officers at the SSA; "Miss Kimbler," who is identified as a supervisor at the SSA; and Terry M. Stradtan, who is identified as a Regional Commissioner for the SSA. The Complaint includes numerous exhibits. At bottom, the Court understands Mouratidis to be challenging the conclusions of hearing officers employed by the SSA that he overpaid benefits and was not entitled to a waiver of overpayment.

According to the Complaint, the SSA concluded that Mouratidis was entitled to disability benefits in 2011, apparently in connection with various neurological conditions. In July of 2012,

Mouratidis was arrested and incarcerated for a period of eighty-seven days. He was committed to an institution for a mental health evaluation in connection with his criminal case. A copy of the docket for his criminal case, which is attached to the Complaint, indicates the charges were dismissed in 2013 for lack of prosecution. Employees at the SSA concluded that Mouratidis was overpaid $1,410.40 in benefits while incarcerated.

Mouratidis requested a waiver of overpayment on numerous occasions. It appears he alleged, and continues to allege, that he was not at fault for the overpayment because his incarceration was unjust and illegal in various respects. However, the SSA denied his requests for a waiver. Mouratidis claims that the hearing officers failed to take his evidence into consideration and denied him due process. (Compl. at 15.)[1] In 2017, Mouratidis received a letter about another overpayment, this time in the amount of $1,468.70. Mouratidis believes this calculation is also erroneous. The Complaint suggests that the SSA has continued to offset Mouratidis's social security payments to account for one or both of those overpayments.

Mouratidis alleges that when he visited the SSA in June of 2019, he learned that his records had been "manipulated . . . in ways [he] can't explain" and claims he was denied a copy of the record. (*Id.* at 17.) The Complaint indicates that Mouratidis also filed a renewed application for benefits.

Mouratidis indicates the he intends to raise claims pursuant to 42 U.S.C. § 1981, § 1983, § 1985(3), and § 1986, primarily based on the manner in which the SSA handled the overpayment matters.[2] Mouratidis claims violations of his First, Fifth, Eighth, and Fourteenth

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.
[2] Mouratidis attached exhibits to his Complaint related to his 2012 prosecution and incarceration, including grievances he filed while incarcerated. The Court does not understand Mouratidis to be challenging his prosecution and incarceration in this lawsuit. Rather, the Court understands

Amendment rights. He also invokes various criminal statutes and social security regulations. Mouratidis seeks an injunction directing the Defendants to stop offsetting funds from his social security payments, reimbursement of the overpayments charged to him, and compensatory damages.

## II.     STANDARD OF REVIEW

The Court will grant Mouratidis leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mouratidis's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss a complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mouratidis is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

him to be alleging that his overpayment of benefits should have been waived due to the allegedly improper circumstances of his incarceration.

## III. DISCUSSION

Mouratidis does not indicate what, exactly, the Defendants did or did not do to give rise to the claims against them, but it appears that Mouratidis named them in this lawsuit because of their positions as employees of the SSA. He indicates that Stradton is named as a Defendant because he "is legally responsible for the overall operation of the [department] and each institutions [sic] under his jurisdiction."[3] (Compl. at 11.) Mouratidis apparently named Kimbler as a Defendant because she is "legally responsible for the operation for hearing officer for waiver of overpayment recovery applications in accordance with Social Security program operations manual system . . . waiver provisions for SSI overpayment." (*Id.*) The two "John Due" Defendants are "legally responsible for the operations for hearing officer for waiver of overpayment recovery operations . . . ." (*Id.*) It is not clear whether or to what extent any of the Defendants presided over or played a personal role in the handling, processing, or evaluation of Mouratidis's claims.

### A. Claims under §§ 1981, 1983, 1985(3) & 1986 and Criminal Statutes

Mouratidis invokes §§ 1981, 1983, 1985(3) & 1986 as grounds for his claims, but those statutes do not provide a legal basis for a cause of action based on any role the Defendants played in handling Mouratidis's social security cases. Section 1981 prohibits race discrimination by private actors in the making and enforcement of contracts, and is inapplicable here. *See* 42 U.S.C. § 1981. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, none of the Defendants are state actors.

---

[3] Stradton is also spelled Stradtan in the Complaint.

"[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (internal quotations omitted). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* Nothing in the Complaint suggests a plausible basis for a race- or class-based conspiracy among the Defendants to violate Mouratidis's rights, which is fatal to his § 1985 and § 1986 claims.

Mouratidis also cites criminal statutes in support of his claims. However, criminal statutes, including 18 U.S.C. §§ 241 and 242, generally do not give rise to a basis for civil liability. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."). Accordingly, the Court will dismiss any claims under criminal statutes as legally baseless.

**B.** *Bivens* **Claims**

Liberally construing the Complaint, it is possible that Mouratidis intended to bring claims against the Defendant pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

5

*Narcotics*, 403 U.S. 388 (1971), which recognized a cause of action for damages for certain constitutional violations committed by federal actors. However, the Supreme Court has rejected the extension of *Bivens* to due process violations brought under the Fifth Amendment in connection with the denial of social security benefits. *See Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable"). Nor is there any basis for extending *Bivens* to recognize a remedy for other constitutional violations that may be alleged here in light of the availability of review under 42 U.S.C. § 405(g). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").

**C. Social Security Review**

The best construction of Mouratidis's Complaint is a request for review of the SSA's conclusion that he overpaid benefits and the related rejection of his requests for waivers. District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). Any request for review, however, must be brought against the Commissioner of Social Security. Here, it is not clear whether Mouratidis exhausted his administrative remedies before the SSA. However, he will be given an opportunity to file an amended complaint against the Commissioner of Social Security, so he may seek review if appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mouratidis leave to proceed *in forma pauperis* and dismiss his Complaint. Mouratidis will not be given leave to amend his civil rights claims because it appears that amendment would be futile. However, this dismissal will be without prejudice to Mouratidis's right to file an amended complaint against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) in the event he has exhausted all administrative remedies. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**